United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES-CLIFTON BEAL,

Petitioner,

v.

Andre Gonzales, Acting Warden,

Respondent.[1]

Case No. 26-cv-02855-AMO (PR)

**ORDER GRANTING *IN FORMA PAUPERIS* STATUS AND DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED**

Re: Dkt. No. 7

Petitioner Charles-Clifton Beal, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, representing himself. He also seeks leave to proceed in forma pauperis. Dkt. 7. It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

1. The petitioner's application to proceed in forma pauperis is GRANTED. Dkt. 7.

2. The Clerk of the Court shall serve a copy of this order upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on the petitioner.

3. Respondent shall file with this Court and serve upon the petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

[1] Andre Gonzales, the current acting warden of the prison where the petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If the petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should the petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date the petitioner is served with Respondent's Answer.

5. Respondent may file with this Court and serve upon the petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, the petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and Respondent shall file with the Court and serve on the petitioner a reply within **fourteen (14) days** of receipt of any opposition.

6. It is the petitioner's responsibility to prosecute this case. He must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a self-represented party proceeding whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a petition when: (1) mail directed to the self-represented party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the self-represented party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding that Rule 41(b) is applicable in habeas cases). The petitioner must also serve on Respondent's counsel all communications with the court by mailing a true copy of the document to Respondent's counsel.

7. Future requests for extensions of time must be submitted at least seven (7) days prior to the expiration of a deadline, as required by Section D.2 of the Court's Standing Order for Civil Cases.

United States District Court
Northern District of California

8. Andre Gonzales has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: October 13, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**